**Sidney P. SELIGSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 89–3068.

United States Court of Appeals, Federal Circuit.

June 20, 1989.

Sidney P. Seligson, Witchita Falls, Tex., pro se.

Steven A. Hemmatt, Dept. of Justice, Washington, D.C., for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Helene M. Goldberg, Asst. Director. Also on the brief were James M. Strock, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Gail L. Goldberg, Deputy Asst. Gen. Counsel, Office of Personnel Management, of counsel.

ON MOTION FOR PUBLICATION OF OPINION

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.

ORDER

The court, PER CURIAM, determines as follows:

In the above-entitled case we affirmed by our unpublished decision of May 5, 1989, a decision of the Merit Systems Protection Board (MSPB), Docket No. DA831M8810234. It had affirmed the refusal of the Office of Personnel Management (OPM) to grant petitioner Seligson a waiver of his debt to the United States in the amount of $8,899.91, owed by him to reinstate his retirement account in view of his reinstatement as a civilian employee of the United States Air Force after an adverse action. He asked for forgiveness which OPM had authority to grant, if it deemed that certain conditions were met, under 5 U.S.C. § 8346–(b). These were that the individual was without fault and recovery against him would be against equity and good conscience. At OPM, MSPB, and with us, Mr. Seligson's nonsuccess was due in part to his failure to make use of the forms OPM provided to show in a clear and understandable way that repayment of the involved sum would be a hardship for him.

Our opinion was not prepared for publication because it did not add significantly, we thought, to the body of law, and was not of widespread legal interest. It appeared to us to be made up almost wholly of fact-specific material, and publication would needlessly infringe Mr. Seligson's expectations of privacy concerning his financial condition.

The OPM has now moved for publication under our Local Rule 47.8(d). OPM says:

The decision is one that merits publication. It holds that OPM may rely upon documentation provided by an application for a waiver of an overpayment of monies from the Civil Service Retirement and Disability Fund and that OPM is not obligated to perform an audit upon the books and records of the applicant. This

**370**

holding is a significant one, inasmuch as it approves OPM's practice of requiring applicants for waivers to establish their financial condition through the submission to OPM of pertinent financial information. It would be administratively impractical, if not impossible, for OPM to investigate the financial condition of all applicants for waivers. The Court's decision implicitly recognizes that fact in holding that applicants must establish their own financial condition through their submissions to OPM.

The holding in this case is of great importance to OPM because of its recognition and approval of OPM's practice and procedures in waiver cases. No other published decision of this Court or its predecessors addresses the issues considered in this case; therefore, OPM respectfully requests that the Court publish its opinion in this case.

We deny the motion because we still do not think the opinion adds significantly to the body of law. We hardly can imagine anyone who would suppose the OPM was required to conduct an audit or not to ask an applicant for a waiver to demonstrate his own financial condition. The OPM can cite this order, as it will be published, if it wants judicial authority approving the procedure it followed in Mr. Seligson's case. By nonpublication of the May 5, 1989, opinion, the privacy of Mr. Seligson is not further invaded.

In general, the stress hitherto has been on nonpublication of judicial opinions, or rather, publication of only a selected few, as a means of conserving judicial resources and keeping channels clear and unobstructed, for legal opinions that really matter to circulate in. A by-product of selective publication is also avoiding needless invasion of the privacy of individuals. The significance of this must not be overstressed as the unpublished opinion is still, of course, a public record that normally anyone can consult and copy. Here, the OPM could itself copy and circulate our unpublished opinion of May 5 if it saw fit to do so. However, it may not, and if it does, at least the judges are not doing it.

IT IS ORDERED THAT:

The respondent's motion be DENIED.